# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

BOBBY T. REEVES, JR.,
    Plaintiff,

vs

STATE OF OHIO,
    Defendant.

Case No. 1:13-cv-401

Weber, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

    Plaintiff, a resident of Hamilton, Ohio, has filed a pro se complaint alleging a violation of his federal constitutional rights. (*See* Doc. 1, Complaint). By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

    Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if satisfied that the action is frivolous or malicious. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams*, 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton*, 504 U.S. at 32; *Lawler*, 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in

reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress has also authorized the *sua sponte* dismissal of complaints which fail to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915 (e)(2)(B)(ii). Although a plaintiff's pro se complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotation omitted)). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915(e)(2)(B)(ii) and 1915A(b)(1)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

Plaintiff brings this action against the State of Ohio. The complaint contains the following allegations:

> #1. Pursuant to 42 U.S.C. § 1983, the Plaintiff party is alleging the State of Ohio has acted under color of law against him for several years. (1995-2013)
>
> #2. Several agencies through Ohio have continuously made official statements upon which relief can be granted regarding this claim. (1995-2013).
>
> #3. The sanctioned Ohio (1980-2013), are the DESIGNATED PARTICIPANTS in an upcoming related civil case in sanctioned Houston, Texas.
>
> #4. The State of Ohio has refused to uphold the[ir] responsibilities to end this alleged medical retention.
>
> #5. That refusal means the State of Ohio has controversially opted to pay up to the maximum compensation in Reeves Jr. vs. the State of Texas. (1980-2013).
>
> #6. The Defendants are accused of a precarious attempt to squander the larger amount of compensation Reeves Jr. is due in Texas.
>
> #7. The allegations being made in this action are plausible happening under Title 28 U.S.C. § 1343(3).

(Doc. 1, Complaint p. 3).

In this case, the complaint against the State of Ohio must be dismissed because the State of Ohio is immune from suit in this federal court. Absent an express waiver, the Eleventh Amendment to the United States Constitution bars suit against a State or one of its agencies or departments in federal court regardless of the nature of the relief sought. *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 58 (1996); *Pennhurst State School v. Halderman*, 465 U.S. 89, 100 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). The exceptions to the Eleventh Amendment bar prohibiting lawsuits against a state in federal court do not apply in this case. The State of Ohio has neither constitutionally nor statutorily waived its Eleventh Amendment rights. *See Mixon v. State of Ohio*, 193 F.3d 389, 397 (6th Cir. 1999); *State of Ohio v. Madeline Marie Nursing Homes*, 694 F.2d 449, 460 (6th

3

Cir. 1982); *Ohio Inns, Inc. v. Nye*, 542 F.2d 673, 681 (6th Cir. 1976). Nor has plaintiff sued a state official seeking prospective injunctive relief against future constitutional violations. *Ex Parte Young*, 209 U.S. 123 (1908). In addition, Congress has not "explicitly and by clear language" expressed its intent to "abrogate the Eleventh Amendment immunity of the States" when enacting Section 1983. *See Quern v. Jordan,* 440 U.S. 332, 341-43, 345 (1979). Therefore, the State of Ohio is immune from suit in this case and plaintiff's claims against the State of Ohio should be dismissed.

## IT IS THEREFORE RECOMMENDED THAT:

1. The complaint be **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith, and therefore, deny plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Date: 6/27/13

Karen L. Litkovitz
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

BOBBY T. REEVES, JR.,
    Plaintiff,

vs

STATE OF OHIO,
    Defendant.

Case No. 1:13-cv-401

Weber, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **within 14 days** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **within 14 days** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).